FILED

AUG 13 2007

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ________ DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **CHARLCIE MYNAR WOODRUFF, Plaintiff** | § | |
| **V.** | § | **CIVIL ACTION NO.** W07CA256 |
| **MCLENNAN COUNTY, TEXAS, A POLITICAL SUBDIVISION OF THE STATE OF TEXAS, COUNTY COMMISSIONER WENDALL CRUNK, COUNTY COMMISSIONER LESTER GIBSON, COUNTY COMMISSIONER JOE MASHEK, COUNTY COMMISSIONER RAY MEADOWS, COUNTY JUDGE JIM LEWIS, MCLENNAN COUNTY SHERIFF LARRY LYNCH, MCLENNAN COUNTY SHERIFF'S DEPARTMENT CHIEF DEPUTY RANDY PLEMONS, MCLENNAN COUNTY SHERIFF'S DEPARTMENT CAPTAIN JOHNNY MYNAR, and MCLENNAN COUNTY SHERIFF'S DEPARTMENT LT. SHEILA THUN, Defendants** | § | |

# NOTICE OF REMOVAL

TO THE HONORABLE WALTER S. SMITH, JR.:

COME NOW, McLennan County, Texas, a political subdivision of the State of Texas, County Commissioner Wendall Crunk, County Commissioner Lester Gibson, County Commissioner Joe Mashek, County Commissioner Ray Meadows, County Judge Jim Lewis, McLennan County Sheriff Larry Lynch, McLennan County Sheriff's Department Chief Deputy Randy Plemons, McLennan County Sheriff's Department Captain Johnny Mynar, and McLennan

County Sheriff's Department Lt. Sheila Thun, the Defendants in the above-entitled and numbered cause, and make and file this Notice of Removal of the above-styled cause from state court to this Court and in support thereof would respectfully show the court as follows:

I.

This action was commenced by way of Plaintiff's Original Petition, filed with the District Court for the 74th Judicial District, McLennan County, Texas, in Cause No. 2007-2989-3, on August 7, 2007. True and correct copies of all process, pleadings, and orders served upon the Defendants are attached hereto as Exhibit 1 (Plaintiff's Original Petition), Exhibit 2 (Plaintiff's Motion for Injunction), Exhibit 3 (Plaintiff's First Set of Requests for Admissions, First Set of Request for Production of Documents; and First Set of Interrogatories to McLennan County), Exhibit 4 (Citations), and Exhibit 5 (Notice of Hearing), as required by 28 U.S.C. §1446(a).

II.

The Defendants first received a copy of the Plaintiff's Original Petition on August 8, 2007. Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b) within thirty days of receipt of the initial pleading setting forth the claim for relief.

III.

The above described action is one in which this Court has subject matter jurisdiction under the provisions of 28 U.S.C. § 1331, and is one which may be removed to this Court by the Defendant pursuant to the provisions of 28 U.S.C. § 1441 in that it is a civil action arising under the Constitution or laws of the United States.

The Plaintiff's Original Petition alleges a "Violation of Constitutional Law," and "pleads a cause of action, pursuant to The Civil Rights Act of 1866, 42 U.S.C. § 1983, against all Defendants." *See* Exhibit 1.

IV.

Pursuant to 28 U.S.C. § 1446(d) the Defendants will provide the adverse party written notice of the filing of this Notice of Removal and will file a copy of this Notice of Removal with the Clerk of the District Court of McLennan County, where the action is currently pending.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that this action be removed and filed among the causes of the United States District Court for the Western District of Texas, Waco Division.

Respectfully submitted,

**HALEY & OLSON, P.C.**
510 North Valley Mills Drive, Suite 600
Waco, Texas 76710
Telephone: (254) 776-3336
Telecopier: (254) 776-6823

By: C. Alfred Mackenzie
HERBERT S. BRISTOW
State Bar No. 03020500
MICHAEL W. DIXON
State Bar No. 05912100
C. ALFRED MACKENZIE
State Bar No. 12761550

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing pleading was served in accordance with the Federal Rules of Civil Procedure on the following attorneys or parties of record, by certified mail, return receipt requested, on this 13th day of August 2007:

Brenda Collier
Brenda H. Collier, P.C.
P.O. Box 41418
Austin, TX 78704

C. Alfred Mackenzie
C. Alfred Mackenzie

# Exhibit 1




CAUSE NO. 2007-2989-3

| | | |
|---|---|---|
| Charlcie Mynar Woodruff, | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| Plaintiff, | § | MCLENNAN COUNTY, TEXAS |
| | § | |
| VS. | § | |
| | § | |
| McLennan County, Texas, A Political Subdivision of the State of Texas, | § § | 74th JUDICIAL DISTRICT |
| County Commissioner Wendall Crunk, | § | |
| County Commissioner Lester Gibson, | § | |
| County Commissioner Joe Mashek, | § | |
| County Commissioner Ray Meadows, | § | |
| County Judge Jim Lewis, | § | |
| McLennan County Sheriff Larry Lynch, | § | |
| McLennan County Sheriff's Department Chief Deputy Randy Plemons, | § § § | |
| McLennan County Sheriff's Department Captain Johnny Mynar, | § § | |
| And | § | |
| McLennan County Sheriff's Department Lt. Sheila Thun | § § | |
| Defendants. | § | |

PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THE COURT:

Charlcie Mynar Woodruff (hereafter "Plaintiff") files this Original Petition complaining of McLennan County, McLennan County Commissioners Wendall Crunk, Lester Gibson, Joe Mashek, Ray Meadows, County Judge Jim Lewis, McLennan County Sheriff Larry Lynch, McLennan County Sheriff's Department Chief Deputy Randy Plemons, McLennan County Sheriff's Department Captain Johnny Mynar, and McLennan County Sheriff's Department Lt. Sheila Thun, and would show the Court the following:

I.

LEVEL III DISCOVERY CONTROL PLAN

1. Discovery is intended to be conducted under Level III, pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

II.

THE PARTIES

2. Plaintiff Charlcie Woodruff is an individual residing in McLennan County, Texas.

3. Defendants are either a political division, in the case of McLennan County, or are employed by or are elected officials of a McLennan County Texas political subdivision. They may all be served with process at the principal place of business of McLennan County located at 501 Washington Avenue, Waco, Texas 76701. All defendants except McLennan County, are sued in their individual capacity.

III.

JURISDICTION AND VENUE

4. Plaintiff is a resident of McLennan County, Texas. Defendants are either (a) a Texas political subdivision with its principal office in McLennan County, Texas, or (b) employees of a Texas political subdivision, or are (c) elected officials of McLennan County. Further, all or a substantial part of the events and/or omissions on which Plaintiff's claims are based occurred in McLennan County, Texas. Defendants have caused Plaintiff damages in excess of the minimum jurisdictional amounts of this Court.

5. Jurisdiction and venue are proper in this Court.

# IV.

## FACTS

6. In fall of 2006 Woodruff began her employment with McLennan County as Director of Nursing at the McLennan County Jail. Prior to beginning to work at the Jail, Woodruff had been told that medical conditions were difficult there. What Woodruff discovered at the Jail both shocked and horrified her, as inmates went without basic medication, including insulin for diabetic patients, and doctors orders were not followed. Routine medications were not distributed property and dangerous staph infections were rampant in the Jail. Woodruff was concerned for the health and well-being of the prisoners, and the medical staff with infectious diseases and lack of medication being covered-up. She discovered that narcotics were unaccounted for and immediately began to report to her supervisors and law enforcement the illegal and dangerous activities at the County Jail. Woodruff reported that these matters placed the health of the inmates at risk, violated law, and in some specific instances placed the lives of specific inmates in jeopardy. Woodruff requested that an investigation be conducted.

7. Woodruff continued her reports both verbally and in writing to supervisors and law enforcement, but they fell on deaf ears. She learned that these conditions had been ongoing prior to her arrival at the County and that prisoners were routinely not provided medication and medical services and such information was being covered up by the County.

8. During the month of February 2007, her reports about illegal and unsafe conditions at the Jail having gone unheeded, Woodruff prepared a memo detailing some of the issues that she had reported previously and presented it to the County Attorney, Michael Dixon. Dixon told Woodruff that he wouldn't want to see a copy of the memo in the County files due to a pending potential wrongful death claim where an inmate had died at the County jail after allegedly

receiving insufficient and improper medical care, and that he would bring the matter to the attention of the appropriate medical authorities. Copy of the Woodruff Memo is attached to this Amended Petition as Exhibit 1.

9. In February 20007 Woodruff also informed her supervisors that she wanted time off to attend "Nurses Day" at the Texas Legislature on March 6, 2006, where she would report the conditions of the jail to members of the legislature, and support pending Texas legislation that would amend the already existing "Nurses Whistleblower Act" to provide for enhanced protection for nurses who report wrongdoings.

10. On March 4, 2007, Woodruff emailed her supervisors that she expected to be back in the office on March 6, 2007, in the afternoon.

11. March 6, 2007, Woodruff attended "Nurses Day" at the Texas legislature. During that trip to Austin Woodruff met with a Texas legislative staff person, reporting the unsafe and illegal conditions at the Jail. Later that same day Woodruff returned to Waco and attempted to report to work at the Jail, however, Woodruff was met at the jail/workplace by a supervisor, Captain Johnny Mynar, and was barred from entering the workplace. Woodruff was informed that she was placed on "administrative leave".

12. While on "administrative leave" and without notice to Woodruff, Woodruff's job was offered to another nurse employed outside the County. During this same time period the employees of the medical services at the County Jail were instructed to have NO CONTACT with Woodruff, or face disciplinary action. Woodruff was left to twist in the wind.

13. On March 21, 2007, having heard nothing about her status at the Jail, Woodruff requested a meeting and did meet with the Sheriff's Office. She asked to be reinstated immediately and

was denied reinstatement. At the conclusion of that meeting Woodruff filed her formal grievance with the County. A copy of the grievance is attached to this Petition as Exhibit 2.

14. On March 23, 2007, while still employed by the County, Woodruff filed a lawsuit naming McLennan County as defendant, claiming violations of the Texas Whistleblower Act.

15. On March 28, 2007 the Waco Tribune newspaper printed an article about Woodruff filing a Whistleblower lawsuit against McLennan County. The vast cover-up at McLennan County about inmates at the Jail being denied basic and humane medical care was unraveling due to the continued reporting by Woodruff.

16. On March 29, 2007, the day after the Waco Tribune reported Woodruff filed suit against the County (the "Prior Lawsuit"), and less than 30 days after presenting the Woodruff memo to the County, Woodruff was notified that her job was terminated by the County effective March 29, 2007. Woodruff later amended the Prior Lawsuit to include claims under the Texas Nursing Practices Act, essentially a Nursing Whistleblowers Act.

17. At the same time as Woodruff was fired, three other nurses from the Jail were allowed to resign.

18. At the same time that Woodruff was fired, the approximate 27 year contract with the Doctor (Dr. Rodney Ryan), who had provided medical services for the Jail was terminated on one day's notice to Dr. Ryan. Dr. Ryan had also repeatedly complained about the medical conditions at the Jail. The County covered up the termination of his contract by stating that Dr. Ryan "retired" when in fact Dr. Ryan was not planning to retire for several years, and continues to practice medicine in McLennan County.

19. Prior to Woodruff being placed on administrative leave she had requested that an investigation of missing narcotics be undertaken. Woodruff continually sought information

about whether she was somehow considered a suspect in that investigation and was stonewalled on that point while the County attempted to take Woodruff's deposition in the Prior Lawsuit.

20. Just prior to Woodruff's scheduled deposition in the Prior Lawsuit, Woodruff learned that she and another nurse were being accused of criminal acts by the County in a report made by Sheriff's Deputy David Evans. The other nurse was never placed on administrative leave during the so-called "investigation" and was allowed to resign. Witnesses in the Prior Lawsuit were contacted by the Sheriff's department and intimidated. One potential witness was even told not to speak with Woodruff. Another witness was provided false information about Woodruff to sully her reputation as a nurse.

21. As a result of learning of the threats and attempts to intimidate Woodruff and witnesses in connection with the Prior Lawsuit, Woodruff caused the Prior Lawsuit to be non-suited, while she consulted with counsel. Woodruff now files this Lawsuit.

V.

VIOLATION OF THE TEXAS NURSING PRACTICE ACT

22. Plaintiff pleads a cause of action, pursuant to Texas state law under the Texas Nursing Practices Act, at Tex. Occup. Code Ann. §301.402 et seq. (West 2004) against Defendant McLennan County. The law allows a nurse to report "any situation that the nurse has reasonable cause to believe exposes a patient to substantial risk of harm as a result of a failure to provide patient care that confirms to minimum standards of acceptable and prevailing professional practice or to statutory, regulatory, or accreditation standards". The Act also prohibits retaliatory action against a nurse that reports such unacceptable medical care. The allegations contained in

all of the preceding paragraphs of this Petition are hereby reaverred and realleged for all purposes with the same force and effect as if set forth verbatim herein.

23. As a direct and proximate consequence of Defendant's wrongful actions, Plaintiff has suffered damages, which are in excess of the minimum jurisdictional limit of this Court.

VI.

VIOLATION OF TEXAS WHISTLEBLOWER ACT

24. Plaintiff pleads a cause of action, pursuant to Texas state law under the Texas Whistleblower Act, at Tex. Gov't Code Ann. §554.002 (West 2004) Texas, against all Defendants. The allegations contained in all of the preceding paragraphs of this Petition are hereby reaverred and realleged for all purposes with the same force and effect as if set forth verbatim herein.

25. As a direct and proximate consequence of Defendants' wrongful actions, Plaintiff has suffered damages, which are in excess of the minimum jurisdictional limit of this Court.

VI.

VIOLATION OF CONSTITUTIONAL LAW

26. Plaintiff pleads a cause of action, pursuant to The Civil Rights Act of 1866, 42 U.S.C. § 1983, against all Defendants. The allegations contained in all of the preceding paragraphs of this Petition are hereby reaverred and realleged for all purposes with the same force and effect as if set forth verbatim herein.

27. As a direct and proximate consequence of Defendant's wrongful actions, Plaintiff has suffered damages, which are in excess of the minimum jurisdictional limit of this Court.

VII.

RESERVATION OF RIGHTS

28. Plaintiff specifically reserves the right to bring additional causes of action against Defendant and to amend this Petition as necessary.

VIII.

JURY DEMAND

28. Plaintiff demands that this Court empanel a lawful jury to hear this case.

IX.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that on final hearing the Court enter judgment in favor of Plaintiff against Defendants in amounts within the jurisdictional limit of this Court for actual and compensatory damages, for mental anguish, for an order reinstating Woodruff, for costs of court and pre- and post-judgment interest at the highest rates allowed by law, attorneys fees, and for such other and further relief, general or special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully Submitted,
BRENDA H. COLLIER, P.C.

Brenda H. Collier
State Bar No. 4593020
P.O. Box 41418
Austin, Texas 78704

(512) 482-9509 Telephone

(512) 857-8446 Fax
brenda@collierlaw.com

ATTORNEY FOR PLAINTIFF

McLennan County Sheriff Dept
Charlcie Woodruff, RN
Health Services Division
3201 E Hwy 6
Waco, TX 76705
254 757-2555 x 256




March 1, 2007

To: Lt. Thun, Captain Mynar, Chief Deputy Plemons and Sheriff Lynch

Re: Staffing

Per our conversations at the facility and at coaches' corner, I would again like to stress to you the dire situation of the medical services division. When we are fully staffed the ratio of inmate/patient is 1:150. In the event that a nurse is unavailable to make her shift that ratios increases to 1:300. This does not include nursing staff responding to emergency calls, booking assessments or daily treatments for diabetics, hypertensive inmates or those requiring dressing changes due to localized skin infection.

It has been brought to my attention that staff and inmates are extremely concerned about staph infection, resulting in skin eruptions and open abscesses. It has been the practice of the medical department to place inmates with known staff infection confirmed by a culture to be housed together. They are currently housed in B1. Inmates from this tank report that dressings are not changed as prescribed by Dr. Ryan. I contribute this to the overwhelming workload that is placed on the nurses. In order to provide care nurses must prioritize and deal with the most critical needs. I feel that dressing changes to infected areas is definitely a priority. But in defense of the nursing staff, Prioritizing brittle insulin dependent diabetics, dialysis patients, seizure disorder patients, inmates brought in off the street, intoxicated, under the influence of alcohol/drugs or both, psychotic inmates who have been without their medication and general belligerent inmates who are resistant and fight- who end up being tazed, injured in an altercation or attacked by other inmates prioritizing is difficult for even the most seasoned nurse.

Another matter that we have discussed would be a licensed vocational nurse being within her scope of practice. Currently LVN's are asked to complete whole body assessments. This is not within their scope of practice. According to the nurse practice act, LVN's may perform limited problem focused assessments.

The medical services division has numerous other needs, which we have discussed. The addition of competent, qualified staff, at this time is of the utmost importance. This is very time sensitive,

EXHIBIT 1

everyday that goes by another inmate may be subjected to or not provided with the appropriate medical care as set forth by the Texas Administrative Code- Commission of Jail Standards.

Respectfully,

Charlcie Woodruff, RN






WACO, TEXAS

# MCLENNAN COUNTY
# EMPLOYEE GRIEVANCE FORM

Pursuant to MCP - 44, McLennan County Personnel Policies, I am filing this grievance as I believe I have been discriminated against for the following reason (s):

_____ 1. Race, sex, age, color, national origin, religion, or disability (as defined by the Americans with Disabilities Act and the authorities interpreting the said Act),

_____ 2. Retaliation for reporting or opposing such discrimination referenced in number one above,

_____ 3. Retaliation based on the filing of a workers compensation claim, or participation in proceeding relating to a workers compensation claim, or

_✓_ 4. Retaliation for reporting illegal conduct of another.

The following is a statement of my grievance, which I here request be reviewed in accordance with McLennan County procedures.

Name: Charlene Woodruff Position: Supervisor of Nursing

Department: McLennan Co Jail Immediate Supervisor: Lt Sheila Thum

The action resulting in this grievance took place on (date): Oct 2, 2006 - through

The statement of my grievance is as follows (attach additional sheets if necessary):

see attached

Attachment MCP-44

EXHIBIT 2

I believe the appropriate resolution of my grievance would be:

to be discussed

Witness who can confirm my statements are:

| Name | Department | Phone |
|---|---|---|
| All staff in medical dept | | |
| Mike Dixon | | |

Additional comments regarding this grievance:

see attached

3/21/07
Date

Charlene Woodruff
Employee's Signature

310 Edwards
Address

Riesel, Tx 76682
City, State, Zip Code

254 896 3013
Phone Number

From the beginning of my employment I began to make administration aware of the many violations that the medical services division was making in regard to the Texas Administrative Code and Nurse Practice Act. On multiple occasions I was advised by administration that the appropriate people were notified and changes were to be made. Capt. Mynar, aware of my concerns, asked that Judge Jim Lewis and Commissioner Ray Meadows visit the jail. Capt Mynar escorted both men through the department. He introduced Andy Huntington and myself to both men. I used this opportunity to make my concerns and needs known.

On or about February 15, 2007 at the monthly meeting held at the Hilton, I made administration aware that the count sheets for narcotics were incorrect and that I had asked Andy Huntington to request order summaries from Secure Pharmacy in order to account for missing narcotics. During our review of the count sheets it appeared that most errors were clerical and /or staff not documenting appropriately. I asked that an investigation begin.

Sometime around this same time I consulted with County Attorney Mike Dixon about a memo I was preparing to send administration concerning my needs and concerns. He stated he could not tell me what to do, but he preferred that I hold off due to current wrongful death lawsuit, he didn't want it to be mentioned in court. He stated to me that he would talk to the appropriate authorities.

On or about February 26- I met with Chief Deputy Plemons, Capt Mynar, and Roger Leech. Andy Huntington accompanied me to this meeting. I made my concerns known and was informed by Chief Deputy Plemons that he had a meeting with the judge on this date.

On or about February 28, I asked Lt. Thun and Capt Mynar to meet to discuss the deteriorating situation in the medical department. We met in Lt Thun and Lt. Franklin's office. Capt. Mynar, aware that I had worked 16 days straight and that was scheduled to be off for the next 3 days, told me to take some additional time off. On Sunday I was called in to work due to nurse shortage and spoke with Lt. Thun. We talked about the current narcotic count situation and upon my return from Austin, how she and I would work together to submit a plan. I then left for work, on my off time, in the Texas Legislative session in Austin, to support Patient Advocacy Protections regarding HB 1362 authored by Howard/King, and SB 761 authored by Nelson.

While in Austin, I called Lt. Thun and inquired whether on not I should speak with Representative Dunnam or Senator Averitt regarding our current situation. She directed me to the Capt. Upon talking to Capt. Mynar he stated it would be best if I let the Chief Deputy and Sheriff handle the situation.

Prior to leaving Austin I spoke with State Representative Dunnam's assistant, reporting the situation at the medical services at the jail. I have expressed my concern for specific patients at the jail who are at risk of death from the neglect at the jail.

Following my return from Austin, I had planned to go by the facility to check my e-mail and voice messages. On March 6, 2007 I was barred from entering the facility and was met by Capt. Mynar in the general public parking lot. Capt. Mynar approached me and handed me a letter from Chief Deputy Plemons, stating I was being placed on administrative leave with pay. There has been no other contact from the jail to me since that date. Before my attorney called the County Attorney I heard that my job was offered to another person.

# Exhibit 2

CAUSE NO. 2007-2989

| | | |
|---|---|---|
| Charlcie Mynar Woodruff, | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| Plaintiff, | § | MCLENNAN COUNTY, TEXAS |
| | § | |
| VS. | § | |
| | § | |
| McLennan County, Texas, A Political Subdivision of the State of Texas, | § | 74th JUDICIAL DISTRICT |
| County Commissioner Wendall Crunk, | § | |
| County Commissioner Lester Gibson, | § | |
| County Commissioner Joe Mashek, | § | |
| County Commissioner Ray Meadows, | § | |
| County Judge Jim Lewis, | § | |
| McLennan County Sheriff Larry Lynch, | § | |
| McLennan County Sheriff's Department Chief Deputy Randy Plemons, | § | |
| McLennan County Sheriff's Department Captain Johnny Mynar, | § | |
| And | § | |
| McLennan County Sheriff's Department Lt. Sheila Thun | § | |
| Defendants. | § | |

PLAINTIFF'S MOTION FOR INJUNCTION

TO THE HONORABLE JUDGE OF THE COURT:

Charlcie Mynar Woodruff (hereafter "Plaintiff") files this Motion for an Injunction, and would show the Court the following:

I.

FACTS

1. In fall of 2006 Woodruff began her employment with McLennan County as Director of Nursing at the McLennan County Jail. Prior to beginning to work at the Jail, Woodruff had been

told that medical conditions were difficult there. What Woodruff discovered at the Jail both shocked and horrified her, as inmates went without basic medication, including insulin for diabetic patients, and doctors orders were not followed. Routine medications were not distributed property and dangerous staph infections were rampant in the Jail. Woodruff was concerned for the health and well-being of the prisoners, and the medical staff with infectious diseases and lack of medication being covered-up. She discovered that narcotics were unaccounted for and immediately began to report to her supervisors and law enforcement the illegal and dangerous activities at the County Jail. Woodruff reported that these matters placed the health of the inmates at risk, violated law, and in some specific instances placed the lives of specific inmates in jeopardy. Woodruff requested that an investigation be conducted.

2. Woodruff continued her reports both verbally and in writing to supervisors and law enforcement, but they fell on deaf ears. She learned that these conditions had been ongoing prior to her arrival at the County and that prisoners were routinely not provided medication and medical services and such information was being covered up by the County.

3. During the month of February 2007, her reports about illegal and unsafe conditions at the Jail having gone unheeded, Woodruff prepared a memo detailing some of the issues that she had reported previously and presented it to the County Attorney, Michael Dixon. Dixon told Woodruff that he wouldn't want to see a copy of the memo in the County files due to a pending potential wrongful death claim where an inmate had died at the County jail after allegedly receiving insufficient and improper medical care, and that he would bring the matter to the attention of the appropriate medical authorities.

4. In February 20007 Woodruff also informed her supervisors that she wanted time off to attend "Nurses Day" at the Texas Legislature on March 6, 2006, where she would report the

conditions of the jail to members of the legislature, and support pending Texas legislation that would amend the already existing "Nurses Whistleblower Act" to provide for enhanced protection for nurses who report wrongdoings.

5. On March 4, 2007, Woodruff emailed her supervisors that she expected to be back in the office on March 6, 2007, in the afternoon.

6. March 6, 2007, Woodruff attended "Nurses Day" at the Texas legislature. During that trip to Austin Woodruff met with a Texas legislative staff person, reporting the unsafe and illegal conditions at the Jail. Later that same day Woodruff returned to Waco and attempted to report to work at the Jail, however, Woodruff was met at the jail/workplace by a supervisor, Captain Johnny Mynar, and was barred from entering the workplace. Woodruff was informed that she was placed on "administrative leave".

7. While on "administrative leave" and without notice to Woodruff, Woodruff's job was offered to another nurse employed outside the County. During this same time period the employees of the medical services at the County Jail were instructed to have NO CONTACT with Woodruff, or face disciplinary action. Woodruff was left to twist in the wind.

8. On March 21, 2007, having heard nothing about her status at the Jail, Woodruff requested a meeting and did meet with the Sheriff's Office. She asked to be reinstated immediately and was denied reinstatement. At the conclusion of that meeting Woodruff filed her formal grievance with the County.

9. On March 23, 2007, while still employed by the County, Woodruff filed a lawsuit naming McLennan County as defendant, claiming violations of the Texas Whistleblower Act.

10. On March 28, 2007 the Waco Tribune newspaper printed an article about Woodruff filing a Whistleblower lawsuit against McLennan County. The vast cover-up at McLennan County

about inmates at the Jail being denied basic and humane medical care was unraveling due to the continued reporting by Woodruff.

11. On March 29, 2007, the day after the Waco Tribune reported Woodruff filed suit against the County (the "Prior Lawsuit"), and less than 30 days after presenting the Woodruff memo to the County, Woodruff was notified that her job was terminated by the County effective March 29, 2007. Woodruff later amended the Prior Lawsuit to include claims under the Texas Nursing Practices Act, essentially a Nursing Whistleblowers Act.

12. At the same time as Woodruff was fired, three other nurses from the Jail were allowed to resign.

13. At the same time that Woodruff was fired, the approximate 27 year contract with the Doctor (Dr. Rodney Ryan), who had provided medical services for the Jail was terminated on one day's notice to Dr. Ryan. Dr. Ryan had also repeatedly complained about the medical conditions at the Jail. The County covered up the termination of his contract by stating that Dr. Ryan "retired" when in fact Dr. Ryan was not planning to retire for several years, and continues to practice medicine in McLennan County.

14. Prior to Woodruff being placed on administrative leave she had requested that an investigation of missing narcotics be undertaken. Woodruff continually sought information about whether she was somchow considered a suspect in that investigation and was stonewalled on that point while the County attempted to take Woodruff's deposition in the Prior Lawsuit.

15. Just prior to Woodruff's scheduled deposition in the Prior Lawsuit, Woodruff learned that she and another nurse were being accused of criminal acts by the County in a report made by Sheriff's Deputy David Evans. The other nurse was never placed on administrative leave during the so-called "investigation" and was allowed to resign. Witnesses in the Prior Lawsuit were

contacted by the Sheriff's department and intimidated. One potential witness was even told not to speak with Woodruff. Another witness was provided false information about Woodruff to sully her reputation as a nurse.

16. Woodruff was illegally terminated by McLennan County in retaliation for her protected actions pursuant to Texas and Federal law, and she should be reinstated to her employment position as Director of Nursing at McLennan County Jail as provided by statute.

II.

REINSTATEMENT OF PLAINTIFF AS DIRECTOR OF NURSING IS REQUIRED UNDER THE TEXAS NURSING PRACTICE ACT

Plaintiff has pled a cause of action, pursuant to Texas state law under the Texas Nursing Practices Act, at Tex. Occup. Code Ann. §301.402 et seq. (West 2004) against Defendant McLennan County. The law allows a nurse to report "any situation that the nurse has reasonable cause to believe exposes a patient to substantial risk of harm as a result of a failure to provide patient care that confirms to minimum standards of acceptable and prevailing professional practice or to statutory, regulatory, or accreditation standards". The Act also prohibits retaliatory action against a nurse that reports such unacceptable medical care. Plaintiff demands that she be immediately reinstated to her position as Director of Nursing at McLennan County Jail pursuant to Texas Nursing Practices Act, at Tex. Occup. Code Ann. §301.413 (West 2004) pending the final outcome of this lawsuit.

II.

REINSTATEMENT OF PLAINTIFF AS DIRECTOR OF NURSING IS REQUIRED UNDER THE TEXAS WHISTLEBLOWER ACT

Plaintiff has pled a cause of action, pursuant to Texas state law under the Texas Whistleblower Act, at Tex. Gov't Code Ann. §554.002 (West 2004) Texas, against McLennan County. Among other remedies, the Act prohibits retaliatory action against a nurse who makes a report under the Texas Whistleblower Act. Plaintiff demands that she be immediately reinstated to her position as Director of Nursing at McLennan County Jail pursuant to he Texas Whistleblower Act, at Tex. Gov't Code Ann. §554.002 (West 2004) Texas pending the final outcome of this lawsuit.

IX.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that on final hearing the Court enter an injunction in favor of Plaintiff reinstating her employment as Director of Nursing at McLennan County Jail, for a judgment awarding her attorneys fees and expenses, and for all remedies at law or in equity, to which Plaintiff may be justly entitled.

Respectfully Submitted,
BRENDA H. COLLIER, P.C.

Brenda H. Collier
State Bar No. 4593020
P.O. Box 41418
Austin, Texas 78704

(512) 482-9509 Telephone
(512) 857-8446 Fax
brenda@collierlaw.com

ATTORNEY FOR PLAINTIFF

**VERIFICATION**

Charlcie Mynar Woodruff, Plaintiff in this lawsuit, hereby verifies to my under her oath on August __, 2007 that she has personal knowledge of information contained in paragraphs 1-16 of the foregoing Motion, and that those statements are true and correct.

Charlcie Mynar Woodruff

SAUL NAVA JR
My Commission Expires
November 6, 2010

Notary Public

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 9, 2007, she caused a copy of the foregoing Motion to be placed postage prepaid, in the U.S. Mail, First Class, Certified, RRR, to

County Judge Jim Lewis
501 Washington Avenue
Waco, Texas 76701

# Exhibit 3

CAUSE NO. ____________

| | | |
|---|---|---|
| Charlcie Mynar Woodruff, | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| Plaintiff, | § | MCLENNAN COUNTY, TEXAS |
| | § | |
| VS. | § | |
| | § | |
| McLennan County, Texas, A Political Subdivision of the State of Texas, | § | _______ JUDICIAL DISTRICT |
| | § | |
| County Commissioner Wendall Crunk, | § | |
| County Commissioner Lester Gibson, | § | |
| County Commissioner Joe Mashek, | § | |
| County Commissioner Ray Meadows, | § | |
| County Judge Jim Lewis, | § | |
| McLennan County Sheriff Larry Lynch, | § | |
| McLennan County Sheriff's Department Chief Deputy Randy Plemons, | § | |
| | § | |
| | § | |
| McLennan County Sheriff's Department Captain Johnny Mynar, | § | |
| | § | |
| And | § | |
| McLennan County Sheriff's Department Lt. Sheila Thun | § | |
| | § | |
| Defendants. | § | |

PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS, FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS; AND FIRST SET OF INTERROGATORIES TO McLENNAN COUNTY

To McLennan County: Please respond to the following discovery:

Respectfully Submitted,
BRENDA H. COLLIER, P.C.

Brenda H. Collier
State Bar No. 4593020
P.O. Box 41418

Austin, Texas 78704

(512) 482-9509 Telephone
(512) 857-8446 Fax
brenda@collierlaw.com

ATTORNEY FOR PLAINTIFF

In connection with the enclosed Requests for Admissions, the Request for Production of Documents, and the Interrogatories, the term "Memo" refers to the Memo attached as Exhibit 1 to the Plaintiff's Original Petition; the term "Narcotics Investigation" refers to the Investigation undertaken by McLennan County Sheriff's Deputy David Evans on or about February 28, 2007 regarding medication at the McLennan County Jail; and the term "Diazepam" refers to the Diazepam subject of the Narcotics Investigation.

**ADMISSIONS**

1. Admit Charclie Woodruff was terminated on March 28, 2009 from her employment as Director of Nursing at McLennan County Jail.

Admit/Deny

2. Admit Charclie Woodruff was not provided a choice by McLennan County to either resign or be terminated from employment.

Admit/Deny

3. Admit Sharon Lucas was provided a choice by McLennan County to either resign or be terminated from employment there.

Admit/Deny

4. Admit Sharon Lucas resigned her employment at McLennan County Jail.

Admit/Deny

5. Admit Mildred Bluitt was provided a choice by McLennan County Jail to either resign or be terminated from employment there.

Admit/Deny

6. Admit Mildred Bluitt resigned her employment at McLennan County Jail.

Admit/Deny

7. Admit Xavier Frazier was provided a choice by McLennan County to either resign or be terminated from employment there.

Admit/Deny

8. Admit Xavier Frazier resigned her employment at McLennan County Jail.

Admit/Deny

9. Admit that at the time Xavier Frazier was allowed to resign her employment at McLennan County she was a suspect in the Narcotics Investigation.

Admit/Deny

10. Admit that Xavier Frazier was not placed on Administrative Leave during the Narcotics Investigation.

Admit/Deny

11. Admit that Jail employee Andy Huntington personally participated in attempting to dispose of the Diazepam pills in a sharps container in February 2007.

Admit/Deny

12. Admit that prior to being placed on Administrative Leave on March 6, 2007, Charlcie Woodruff had never received any written criticism of her performance as Director of Nursing at McLennan County Jail.

Admit/Deny

13. Admit that prior to being placed on Administrative Leave on March 6, 2007 Charlcie Woodruff had never received any verbal criticism of her performance at Director of Nursing at McLennan County Jail.

Admit/Deny

14. Admit that Andy Huntington did not take a drug test as part of the Narcotics Investigation.

Admit/Deny

15. Admit that Andy Huntington was present at and working at the McLennan County Jail medical department on February 24 and 25, 2007

Admit/Deny

16. Admit that shortly before she was placed on Administrative Leave, Captain Johnny Mynar told Charlcie Woodruff not to let herself become a scapegoat.

Admit/Deny

17. Admit that on approximately February 28, 2007, Captain Johnny Mynar replied affirmatively to Charlcie Woodruff when Woodruff asked Mynar if she was being effective and should continue her job responsibilities at the McLennan County Jail.

Admit/Deny

18. Admit that Melissa Gilbert was terminated as an employee at McLennan County Jail in March 2007 after she reported unsafe medical conditions for the inmates at the Jail and refused to work alone at night in the Jail as unsafe.

Admit/Deny

19. Admit that an inmate of the McLennan County Jail whose chart shows he was medicated with Haldol was sent to Austin State Hospital on 11-16-07.

Admit/Deny

20. Admit that Charclie Woodruff supervisors approved time off for her to attend Texas Nurses Day at the Texas Legislature in March 2007.

Admit/Deny

21. Admit that Charclie Woodruff informed Lt. Thun of Woodruff's intention to speak to Woodruff's legislator about the conditions at the McLennan County Jail.
Admit/Deny

22. Admit that Dr. Rodney Ryan maintained a folder of documents at the McLennan County Jail.

Admit/Deny

23. Admit that Dr. Rodney Ryan signed blank authorizations for ordering medication at the McLennan County Jail.

Admit/Deny

24. Admit that Charclie Woodruff provided blank authorization forms signed by Dr. Rodney Ryan to Lt. Thun for safekeeping.

Admit/Deny

25. Admit that Charclie Woodruff completed an "Official Report on Job Performance" about Charlotte Smith on 2-16-07 in which Woodruff concluded that Smith had falsified government documents concerning medication.

Admit/Deny

26. Admit that Charlotte Smith was reprimanded in connection with the "Official Report on Job Performance" about Charlotte Smith completed by Charclie Woodruff on 2-16-07.

Admit/Deny

27. Admit that Charlotte Smith was placed on administrative leave in February 2007 after Charlcie Woodruff reported that Smith had falsified government documents.

Admit/Deny

28. Admit that Charlotte Smith was not terminated or asked to resign from the McLennan County Jail as a result of the Official Report on Job Performance made by Charlcie Woodruff on 2-16-07.

Admit/Deny

29. Admit that Corporal Atkins made a written complaint about Charlotte Smith in February 2007 regarding medication.

Admit/Deny

30. Admit that Charlotte Smith is presently employed at the McLennan County Jail medical department.

Admit/Deny

31. Admit that Lt. Thun spoke to a potential candidate for the Director of Nursing position then occupied by Charlcie Woodruff prior to the termination of Charlcie Woodruff's position at McLennan County Jail.

Admit/Deny

32. Admit that Charclie Woodruff in February 2007 reported to Lt. Thun and Lt. Franklin that count sheets for narcotics were incorrect.

Admit/Deny

33. Admit that the Narcotics Investigation was started as a result of Charclie Woodruff's report about the problems with the narcotics count sheets at the Jail.

Admit/Deny

34. Admit that Charclie Woodruff reported in writing to McLennan County on 2-23-97 that she became aware around 2-8-07 that Vicodin pills were missing.

Admit/Deny

35. Admit that McLennan Sheriff's Department Investigator David Evans did not question any former employer of any employee of the McLennan County Jail except a former employer of Charlcie Woodruff.

Admit/Deny

36. Admit that David Evans told a former employer of Charclie Woodruff named Dr. Holmes that Evans had information that that Woodruff may have utilized that doctor's triplicate prescription pad to order a prescription without the knowledge of that doctor.

Admit/Deny

37. Admit that Dr. Holmes told David Evans that Charclie Woodruff was a good employee.

Admit/Deny

38. Admit that Dr. Holmes told David Evans that she had no indication that Charlcie Woodruff utilized her triplicate prescription pad to order a prescription.

Admit/Deny

39. Admit that Dr. Holmes told David Evans that it was highly unlikely that Charclie Woodruff had used her triplicate prescription pad to order a prescription without her knowledge.

Admit/Deny

40. Admit that between February 24, 2007 at 9:40 a.m. and February 25, 2007 at 9:00 a.m. Charclie Woodruff was not the only person with access to medication held in the McLennan County Jail medical department.

Admit/Deny

41. Admit that between February 24, 2007 at 9:40 a.m. and February 25, 2007 at 9:00 a.m. Charclie Woodruff was not the only person with access to the Diazapam held in the McLennan County Jail medical department.

Admit/Deny

42. Admit that from February 24, 2007 at 9:00 a.m. to February 25, 2007 at 9:00 a.m. Charlcie Woodruff was not the only nurse or LVN with access to the Diazapam.

Admit/Deny

43. Admit that on March 2, 2007 David Evans found that a key to the McLennan County Jail medication room was lying in a drawer outside of the medication room and was accessible by everyone.

Admit/Deny

44. Admit that David Evans went in a McLennan County Sheriff's department vehicle to the home of Lydia Stones, former nurse with McLennan County Jail and instructed Lydia Stones not to speak to Charlcie Woodruff.

Admit/Deny

45. Admit that Andy Huntington told some of the medical department personnel at the Jail not to communicate with Charclie Woodruff.

Admit/Deny

46. Admit that in March 2007 Andy Huntington told some of the medical department personnel at the Jail that if they communicated with Charclie Woodruff they would face discipline.

Admit/Deny

47. Admit that Vicki Bright found a set of keys to the McLennan County Jail narcotics locker and reported finding the keys on or around March 4, 2007.

Admit/Deny

48. Admit that Andy Huntington provided a draft version of his witness statement regarding the Narcotics Investigation to Investigator Evans on or about March 2, 2007, prior to providing a final witness statement to Evans.

Admit/Deny

49. Admit that Andy Huntington provided more than one draft of his statement to McLennan County Sheriff's Department.

Admit/Deny

50. Admit that David Evans was employed as an Investigator at the McLennan County's Sheriff's department at the time he told Lydia Stones not to communicate with Charlcie Woodruff.

Admit/Deny

51. Admit that Lt. Franklin told Andy Huntington that Nurse Carr may have something to do with the missing pill of Diazepam.

Admit/Deny

52. Admit that on March 1, 2007, Lt. Franklin, Lt. Thun and Captain Mynar received an email from Charlcie Woodruff that stated she would be sending the Memo by certified mail to the Sheriff, Mike Dixon and Chief Deputy Plemons.

Admit/Deny

53. Admit that Charlcie Woodruff was placed on Administrative Leave on March 6, 2007, which is the same day she attempted to return to work from attending Nurse Day at the Texas Legislature.

Admit/Deny

54. Admit that after Charlcie Woodruff was placed on Administrative Leave, Woodruff continued to contact and meet with Texas legislators about the medical conditions of the McLennan County Jail.

Admit/Deny

55. Admit that McLennan County Sheriff and Jim Lewis was contacted by one or more Legislators about Charlcie Woodruff's complaints about the medical conditions of the McLennan County Jail.

Admit/Deny

56. Admit that Charlcie Woodruff as terminated as Director of Nursing from employment at McLennan County on March 29, 2007, which was the day after the Waco Tribune carried a story in that newspaper that Woodruff had filed a lawsuit against the County under the Texas Whistleblower Act.

Admit/Deny

57. Admit that Dr. Rodney Ryan's contract with the McLennan County Jail was terminated on one days notice, after approximately 27 years of service with the County.

Admit/Deny

58. Admit that Dr. Rodney Ryan complained to the County about the conditions at the McLennan County Jail.

Admit/Deny

59. Admit that Dr. Rodney Ryan did not "retire" from the practice of medicine when his contract was terminated by McLennan County.

Admit/Deny

60. Admit that Dr. Rodney Ryan is presently working as a physician in the Waco area.

Admit/Deny

## REQUST FOR PRODUCTION OF DOCUMENTS

1. All versions of all documents of any kind, including emails, notes, and witness statements taken in connection with the Narcotics Investigation.

2. All video, tape-recorded, and written documents of any kind that reflect any statement or comment by any person questioned in the Narcotics Investigation.

3. All documents relating to authorization by the McLennan County's Sheriff department to discuss the Narcotics Investigation with the McLennan County's District Attorney's office.

4. All documents evidencing any communication to or from any defendant in 2007 showing contact between McLennan County or McLennan County Commissioners and any company regarding the possibility or actual provision of services to McLennan County Jail's medical department.

5. All documents showing any contacts in 2007 between any defendant and Medical Staffing Network, or a similarly named company.

6. The employment file of Andy Huntington.

7. The employment file of Sharon Lucas.

8. The employment file of Mildred Bluitt.

9. The employment file of Lydia Stones.

10. The employment file of Charlotte Smith.

11. The employment file of Melissa Gilbert.

12. The employment file of Xavier Frazier.

13. All contents of the folder kept by Dr. Rodney Ryan in the McLennan County Jail medical department.

INTERROGATORIES

1. If you answered "Deny" to Requests for Admissions numbered 12, 13, 15, 20, 21, 23, 24, 31, 33, 35, 40, 42, 44, 46, 47, 48, 51, 54, 55, or 56, please provide a detailed explanation of why each denied admission is incorrect.

RESPONSE:

2. Provide the date and the name of the person who first suggested that Charclie Woodruff be placed on Administrative Leave.

RESPONSE:

3. Provide the date and the name of the person who first suggested that Charclie Woodruff employment be terminated.

RESPONSE:

4. What does McLennan County contend are the steps Charclie Woodruff failed to complete in the grievance procedures she initiated in connection with her employment with the County.

RESPONSE:

5. State the names of all McLennan County employees and any other persons who had access to narcotics at the Jail medical facility on February 24 and 25, 2007.

RESPONSE:

6. Which nurses do you contend were "unsure about the interpretation and applications of policies and procedures, and received conflicting direction from Plaintiff"

RESPONSE:

7. Which nurses, if any, do you contend "indicated a lack of confidence in Plaintiff as a supervisor" at the Jail.

RESPONSE:

8. During Charclie Woodruff's employment with McLennan County as Director of Nursing, what do you contend would be considered "adequate nurse meetings, policy reminders, directives to the nurses, or write-ups of nurses".

RESPONSE:

9. What information including but not limited to, documents, that support your allegation that Charclie Wood was not eligible for rehire at Providence or that she had resigned in lieu of disciplinary action/termination.

RESPONSE:

# Exhibit 4

RECEIVED
AUG 1 0 2007
McLENNAN CO.
JUDGE

**Paper # 1 / Pct. # 1**

# THE STATE OF TEXAS

**DIRECTED TO: COUNTY OF MCLENNAN, A TEXAS POLITICAL SUBDIVISION, BY SERVING COUNTY JUDGE JIM LEWIS, 501 WASHINGTON AVENUE, WACO, TEXAS 76701, GREETINGS:**

YOU ARE COMMANDED TO FILE A WRITTEN ANSWER, ON OR BEFORE 10:00 A.M. ON THE MONDAY NEXT FOLLOWING TWENTY (20) DAYS AFTER THE DATE OF SERVICE TO THE ACCOMPANYING **Original Petition** FILED ON THE **7th** DAY OF **August**, **2007**, IN THE **74th** JUDICIAL DISTRICT COURT OF MCLENNAN COUNTY, TEXAS WITH THE UNDERSIGNED CLERK AND YOU ARE HEREBY SERVED WITH A COPY OF PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS, PRODUCTION AND INTERROGATORIES TO WHICH YOU MUST FILE AN ANSWER AS REQUIRED BY LAW.

CAUSE NO. **2007-2989-3**
PARTIES TO THIS ACTION ARE:

**Charlcie Mynar Woodruff** Plaintiff

Vs.

**County Of McLennan, a Texas political subdivision; Commissioners, elected officials of McLennan County, a Texas political subdivision: Wendall Crunk, Lester Gibson, Joe Mashek, Ray Meadows; County Judge Jim Lewis, elected official of McLennan County, Texas; Sheriff Larry Lynch, elected official of McLennan County, Texas; Chief Deputy Randy Plemons, employee of McLennan County, a Texas political subdivision; Captain Johnny Mynar, employee of McLennan County, a Texas political subdivision; Lt. Sheila Thun, employee of McLennan County, a Texas political subdivision** Defendants

***NOTICE***

***You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and*** *Original Petition and Plaintiff's First Set Of Requests for Admissions, Production and Interrogatories,* ***a default judgment may be taken against you.***

ISSUED UNDER MY HAND AND SEAL OF COURT, THIS **8th** DAY OF **August, 2007**.

**Brenda H. Collier**
**P.O. Box 41418**
**Waco, Texas 76710**
Attorney for Plaintiff

**KAREN C. MATKIN, DISTRICT CLERK**
**P.O. Box 2451**
**Waco, McLennan County, Texas 76703**
By: ______________________
***Roberta Jewell, Deputy***

**OFFICER'S RETURN**

Came to hand on the ______ day of ________________, _____ at _______ o'clock ____M. and executed on the ______ day of ________________, 2007 by delivering to the defendant, to-wit: ________________________________________ at ______ o'clock ___M ________________, _____; each, in person, a true copy of this citation with a true and correct copy of the **Original Petition** and **Plaintiff's First Set Of Requests for Admissions, Production and Interrogatories** attached thereto having first endorsed on such copy of said citation the date of delivery.

FEES: Serving one (1) copy
Total $________________

______________________________
______________________________County, Texas
By______________________________

**VERIFICATION OF RETURN** (IF NOT SERVED BY PEACE OFFICER) SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned Notary Public, on this the _______day of__________________, 2007.

______________________________
Notary Public for the State of Texas

ah

DELIVERED THIS 10 DAY OF Aug 2007
TRAVIS BAILEY, CONSTABLE PCT. 1
McLENNAN COUNTY, TEXAS

BY: [signature]
Deputy

**Paper # 2 / Pct. # 1**

# THE STATE OF TEXAS

**DIRECTED TO: COMMISSIONER WENDALL CRUNK, ELECTED OFFICIAL OF MCLENNAN COUNTY, A TEXAS POLITICAL SUBDIVISION, 501 WASHINGTON AVENUE, WACO, TEXAS 76701, GREETINGS:**

YOU ARE COMMANDED TO FILE A WRITTEN ANSWER, ON OR BEFORE 10:00 A.M. ON THE MONDAY NEXT FOLLOWING TWENTY (20) DAYS AFTER THE DATE OF SERVICE TO THE ACCOMPANYING **Original Petition** FILED ON THE **7th** DAY OF **August**, **2007**, IN THE **74th** JUDICIAL DISTRICT COURT OF MCLENNAN COUNTY, TEXAS WITH THE UNDERSIGNED CLERK AND YOU ARE HEREBY SERVED WITH A COPY OF PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS, PRODUCTION AND INTERROGATORIES TO WHICH YOU MUST FILE AN ANSWER AS REQUIRED BY LAW.

CAUSE NO. **2007-2989-3**
PARTIES TO THIS ACTION ARE:

**Charlcie Mynar Woodruff** Plaintiff

Vs.

**County Of McLennan, a Texas political subdivision; Commissioners, elected officials of McLennan County, a Texas political subdivision: Wendall Crunk, Lester Gibson, Joe Mashek, Ray Meadows; County Judge Jim Lewis, elected official of McLennan County, Texas; Sheriff Larry Lynch, elected official of McLennan County, Texas; Chief Deputy Randy Plemons, employee of McLennan County, a Texas political subdivision; Captain Johnny Mynar, employee of McLennan County, a Texas political subdivision; Lt. Sheila Thun, employee of McLennan County, a Texas political subdivision** Defendants

***NOTICE***

***You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and*** *Original Petition and Plaintiff's First Set Of Requests for Admissions, Production and Interrogatories,* ***a default judgment may be taken against you.***

ISSUED UNDER MY HAND AND SEAL OF COURT, THIS **8th** DAY OF **August, 2007**.

**Brenda H. Collier**
**P.O. Box 41418**
**Waco, Texas 76710**
Attorney for Plaintiff

**KAREN C. MATKIN, DISTRICT CLERK**
**P.O. Box 2451**
**Waco, McLennan County, Texas 76703**

By: *Roberta Jewell*
*Roberta Jewell, Deputy*

**OFFICER'S RETURN**

Came to hand on the ______ day of _________________, _____ at _______ o'clock ____M. and executed on the ______ day of _________________, 2007 by delivering to the defendant, to-wit: _______________________________________________ at ______ o'clock ___M _________________, _____; each, in person, a true copy of this citation with a true and correct copy of the **Original Petition** and **Plaintiff's First Set Of Requests for Admissions, Production and Interrogatories** attached thereto having first endorsed on such copy of said citation the date of delivery.

FEES: Serving one (1) copy
Total $_________________

_______________________________
_______________________________County, Texas
By_____________________________

**VERIFICATION OF RETURN** (IF NOT SERVED BY PEACE OFFICER) SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned Notary Public, on this the _______day of___________________, 2007.

_______________________________
Notary Public for the State of Texas

ah

DELIVERED THIS 10 DAY OF Aug 2007
TRAVIS BAILEY, CONSTABLE PCT. 1
McLENNAN COUNTY, TEXAS

BY: ____________________
Deputy

**Paper # 3 / Pct. # 1**

# THE STATE OF TEXAS

**DIRECTED TO: COMMISSIONER LESTER GIBSON, ELECTED OFFICIAL OF MCLENNAN COUNTY, A TEXAS POLITICAL SUBDIVISION, 501 WASHINGTON AVENUE, WACO, TEXAS 76701, GREETINGS:**

YOU ARE COMMANDED TO FILE A WRITTEN ANSWER, ON OR BEFORE 10:00 A.M. ON THE MONDAY NEXT FOLLOWING TWENTY (20) DAYS AFTER THE DATE OF SERVICE TO THE ACCOMPANYING **Original Petition** FILED ON THE **7th** DAY OF **August, 2007**, IN THE **74th** JUDICIAL DISTRICT COURT OF MCLENNAN COUNTY, TEXAS WITH THE UNDERSIGNED CLERK AND YOU ARE HEREBY SERVED WITH A COPY OF PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS, PRODUCTION AND INTERROGATORIES TO WHICH YOU MUST FILE AN ANSWER AS REQUIRED BY LAW.

CAUSE NO. **2007-2989-3**
PARTIES TO THIS ACTION ARE:

**Charlcie Mynar Woodruff** Plaintiff

Vs.

**County Of McLennan, a Texas political subdivision; Commissioners, elected officials of McLennan County, a Texas political subdivision: Wendall Crunk, Lester Gibson, Joe Mashek, Ray Meadows; County Judge Jim Lewis, elected official of McLennan County, Texas; Sheriff Larry Lynch, elected official of McLennan County, Texas; Chief Deputy Randy Plemons, employee of McLennan County, a Texas political subdivision; Captain Johnny Mynar, employee of McLennan County, a Texas political subdivision; Lt. Sheila Thun, employee of McLennan County, a Texas political subdivision** Defendants

***NOTICE***

***You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and*** *Original Petition and Plaintiff's First Set Of Requests for Admissions, Production and Interrogatories,* ***a default judgment may be taken against you.***

ISSUED UNDER MY HAND AND SEAL OF COURT, THIS **8th** DAY OF **August, 2007**.

**Brenda H. Collier**
**P.O. Box 41418**
**Waco, Texas 76710**
Attorney for Plaintiff

**KAREN C. MATKIN, DISTRICT CLERK**
**P.O. Box 2451**
**Waco, McLennan County, Texas 76703**
By: ______________________
*Roberta Jewell, Deputy*

**OFFICER'S RETURN**

Came to hand on the ______ day of __________________, _____ at ______ o'clock ____M. and executed on the ______ day of __________________, 2007 by delivering to the defendant, to-wit: __________________________________________ at ______ o'clock ___M __________________, _____; each, in person, a true copy of this citation with a true and correct copy of the **Original Petition** and **Plaintiff's First Set Of Requests for Admissions, Production and Interrogatories** attached thereto having first endorsed on such copy of said citation the date of delivery.

FEES: Serving one (1) copy
Total $__________________

______________________________
______________________________County, Texas
By______________________________

**VERIFICATION OF RETURN** (IF NOT SERVED BY PEACE OFFICER) SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned Notary Public, on this the _______day of__________________, 2007.

______________________________
Notary Public for the State of Texas

DELIVERED THIS 10 DAY OF Aug 2007
TRAVIS BAILEY, CONSTABLE PCT. 1
McLENNAN COUNTY, TEXAS

BY: [signature]
Deputy

**Paper # 4 / Pct. # 1**

# THE STATE OF TEXAS

**DIRECTED TO: COMMISSIONER JOE MASHEK, ELECTED OFFICIAL OF MCLENNAN COUNTY, A TEXAS POLITICAL SUBDIVISION, 501 WASHINGTON AVENUE, WACO, TEXAS 76701, GREETINGS:**

YOU ARE COMMANDED TO FILE A WRITTEN ANSWER, ON OR BEFORE 10:00 A.M. ON THE MONDAY NEXT FOLLOWING TWENTY (20) DAYS AFTER THE DATE OF SERVICE TO THE ACCOMPANYING **Original Petition** FILED ON THE **7th** DAY OF **August, 2007**, IN THE **74th** JUDICIAL DISTRICT COURT OF MCLENNAN COUNTY, TEXAS WITH THE UNDERSIGNED CLERK AND YOU ARE HEREBY SERVED WITH A COPY OF PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS, PRODUCTION AND INTERROGATORIES TO WHICH YOU MUST FILE AN ANSWER AS REQUIRED BY LAW.

CAUSE NO. **2007-2989-3**
PARTIES TO THIS ACTION ARE:

**Charlcie Mynar Woodruff** — Plaintiff

Vs.

**County Of McLennan, a Texas political subdivision; Commissioners, elected officials of McLennan County, a Texas political subdivision: Wendall Crunk, Lester Gibson, Joe Mashek, Ray Meadows; County Judge Jim Lewis, elected official of McLennan County, Texas; Sheriff Larry Lynch, elected official of McLennan County, Texas; Chief Deputy Randy Plemons, employee of McLennan County, a Texas political subdivision; Captain Johnny Mynar, employee of McLennan County, a Texas political subdivision; Lt. Sheila Thun, employee of McLennan County, a Texas political subdivision** — Defendants

## *NOTICE*

***You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and*** *Original Petition and Plaintiff's First Set Of Requests for Admissions, Production and Interrogatories,* ***a default judgment may be taken against you.***

ISSUED UNDER MY HAND AND SEAL OF COURT, THIS **8th** DAY OF **August, 2007**.

**Brenda H. Collier**
**P.O. Box 41418**
**Waco, Texas 76710**
Attorney for Plaintiff

**KAREN C. MATKIN, DISTRICT CLERK**
**P.O. Box 2451**
**Waco, McLennan County, Texas 76703**
By: [signature]
Roberta Jewell, Deputy

**OFFICER'S RETURN**

Came to hand on the ______ day of ________________, _____ at _______ o'clock ____M. and executed on the ______ day of ________________, 2007 by delivering to the defendant, to-wit: ________________________________________________ at ______ o'clock ___M ________________, _____; each, in person, a true copy of this citation with a true and correct copy of the **Original Petition** and **Plaintiff's First Set Of Requests for Admissions, Production and Interrogatories** attached thereto having first endorsed on such copy of said citation the date of delivery.

FEES: Serving one (1) copy
Total $________________

________________________________
________________________________County, Texas
By______________________________

**VERIFICATION OF RETURN** (IF NOT SERVED BY PEACE OFFICER) SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned Notary Public, on this the _______day of __________________, 2007.

________________________________
Notary Public for the State of Texas

alt.

DELIVERED THIS 13 DAY OF Aug 2007
TRAVIS BAILEY, CONSTABLE PCT. 1
McLENNAN COUNTY, TEXAS

BY: [signature]
Deputy

Paper # 5 / Pct. # 1

# THE STATE OF TEXAS

**DIRECTED TO: COMMISSIONER RAY MEADOWS, ELECTED OFFICIAL OF MCLENNAN COUNTY, A TEXAS POLITICAL SUBDIVISION, 501 WASHINGTON AVENUE, WACO, TEXAS 76701, GREETINGS:**

YOU ARE COMMANDED TO FILE A WRITTEN ANSWER, ON OR BEFORE 10:00 A.M. ON THE MONDAY NEXT FOLLOWING TWENTY (20) DAYS AFTER THE DATE OF SERVICE TO THE ACCOMPANYING **Original Petition** FILED ON THE **7th** DAY OF **August**, **2007**, IN THE **74th** JUDICIAL DISTRICT COURT OF MCLENNAN COUNTY, TEXAS WITH THE UNDERSIGNED CLERK AND YOU ARE HEREBY SERVED WITH A COPY OF PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS, PRODUCTION AND INTERROGATORIES TO WHICH YOU MUST FILE AN ANSWER AS REQUIRED BY LAW.

CAUSE NO. **2007-2989-3**
PARTIES TO THIS ACTION ARE:

**Charlcie Mynar Woodruff** Plaintiff

Vs.

**County Of McLennan, a Texas political subdivision; Commissioners, elected officials of McLennan County, a Texas political subdivision: Wendall Crunk, Lester Gibson, Joe Mashek, Ray Meadows; County Judge Jim Lewis, elected official of McLennan County, Texas; Sheriff Larry Lynch, elected official of McLennan County, Texas; Chief Deputy Randy Plemons, employee of McLennan County, a Texas political subdivision; Captain Johnny Mynar, employee of McLennan County, a Texas political subdivision; Lt. Sheila Thun, employee of McLennan County, a Texas political subdivision** Defendants

***NOTICE***

***You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and*** *Original Petition and Plaintiff's First Set Of Requests for Admissions, Production and Interrogatories*, ***a default judgment may be taken against you.***

ISSUED UNDER MY HAND AND SEAL OF COURT, THIS **8th** DAY OF **August, 2007**.

**Brenda H. Collier**
**P.O. Box 41418**
**Waco, Texas 76710**
Attorney for Plaintiff

**KAREN C. MATKIN, DISTRICT CLERK**
**P.O. Box 2451**
**Waco, McLennan County, Texas 76703**
By: [signature] Roberta Jewell, Deputy

**OFFICER'S RETURN**

Came to hand on the ______ day of ________________, _____ at ______ o'clock ___M. and executed on the ______ day of ________________, 2007 by delivering to the defendant, to-wit: ____________________________________________ at ______ o'clock ___M ________________, _____; each, in person, a true copy of this citation with a true and correct copy of the **Original Petition** and **Plaintiff's First Set Of Requests for Admissions, Production and Interrogatories** attached thereto having first endorsed on such copy of said citation the date of delivery.

FEES: Serving one (1) copy
Total $________________

________________________________
________________________________County, Texas
By________________________________

**VERIFICATION OF RETURN** (IF NOT SERVED BY PEACE OFFICER) SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned Notary Public, on this the _______day of________________, 2007.

________________________________
Notary Public for the State of Texas

ah

DELIVERED THIS 10 DAY OF Aug 2007
TRAVIS BAILEY, CONSTABLE PCT. 1
McLENNAN COUNTY, TEXAS

BY: ______________________
Deputy

RECEIVED
AUG 1 0 2007
McLENNAN CO.
JUDGE

**Paper # 6 / Pct. # 1**

# THE STATE OF TEXAS

**DIRECTED TO: COUNTY JUDGE JIM LEWIS, ELECTED OFFICIAL OF MCLENNAN COUNTY, A TEXAS POLITICAL SUBDIVISION, 501 WASHINGTON AVENUE, WACO, TEXAS 76701, GREETINGS:**

YOU ARE COMMANDED TO FILE A WRITTEN ANSWER, ON OR BEFORE 10:00 A.M. ON THE MONDAY NEXT FOLLOWING TWENTY (20) DAYS AFTER THE DATE OF SERVICE TO THE ACCOMPANYING **Original Petition** FILED ON THE **7th** DAY OF **August**, **2007**, IN THE **74th** JUDICIAL DISTRICT COURT OF MCLENNAN COUNTY, TEXAS WITH THE UNDERSIGNED CLERK AND YOU ARE HEREBY SERVED WITH A COPY OF PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS, PRODUCTION AND INTERROGATORIES TO WHICH YOU MUST FILE AN ANSWER AS REQUIRED BY LAW.

CAUSE NO. **2007-2989-3**
PARTIES TO THIS ACTION ARE:

**Charlcie Mynar Woodruff** — Plaintiff

Vs.

**County Of McLennan, a Texas political subdivision; Commissioners, elected officials of McLennan County, a Texas political subdivision: Wendall Crunk, Lester Gibson, Joe Mashek, Ray Meadows; County Judge Jim Lewis, elected official of McLennan County, Texas; Sheriff Larry Lynch, elected official of McLennan County, Texas; Chief Deputy Randy Plemons, employee of McLennan County, a Texas political subdivision; Captain Johnny Mynar, employee of McLennan County, a Texas political subdivision; Lt. Sheila Thun, employee of McLennan County, a Texas political subdivision** — Defendants

## *NOTICE*

***You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and*** *Original Petition and Plaintiff's First Set Of Requests for Admissions, Production and Interrogatories,* ***a default judgment may be taken against you.***

ISSUED UNDER MY HAND AND SEAL OF COURT, THIS **8th** DAY OF **August, 2007**.

**Brenda H. Collier**
**P.O. Box 41418**
**Waco, Texas 76710**
Attorney for Plaintiff

**KAREN C. MATKIN, DISTRICT CLERK**
**P.O. Box 2451**
**Waco, McLennan County, Texas 76703**
By: [signature]
***Roberta Jewell, Deputy***

**OFFICER'S RETURN**

Came to hand on the ______ day of __________________, _____ at _______ o'clock ____M. and executed on the ______ day of __________________, 2007 by delivering to the defendant, to-wit: ______________________________________________________ at ______ o'clock ___M __________________, _____; each, in person, a true copy of this citation with a true and correct copy of the **Original Petition** and **Plaintiff's First Set Of Requests for Admissions, Production and Interrogatories** attached thereto having first endorsed on such copy of said citation the date of delivery.

FEES: Serving one (1) copy
Total $________________

______________________________
______________________________County, Texas
By______________________________

**VERIFICATION OF RETURN** (IF NOT SERVED BY PEACE OFFICER) SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned Notary Public, on this the _______day of__________________, 2007.

______________________________
Notary Public for the State of Texas

ah

DELIVERED THIS 10 DAY OF Aug 20 07
TRAVIS BAILEY, CONSTABLE PCT. 1
McLENNAN COUNTY, TEXAS

BY: ____________________
Deputy

**Paper # 7 / Pct. # 1**

# THE STATE OF TEXAS

**DIRECTED TO: SHERIFF LARRY LYNCH, ELECTED OFFICIAL OF MCLENNAN COUNTY, A TEXAS POLITICAL SUBDIVISION, 501 WASHINGTON AVENUE, WACO, TEXAS 76701, GREETINGS:**

YOU ARE COMMANDED TO FILE A WRITTEN ANSWER, ON OR BEFORE 10:00 A.M. ON THE MONDAY NEXT FOLLOWING TWENTY (20) DAYS AFTER THE DATE OF SERVICE TO THE ACCOMPANYING **Original Petition** FILED ON THE **7th** DAY OF **August**, **2007**, IN THE **74th** JUDICIAL DISTRICT COURT OF MCLENNAN COUNTY, TEXAS WITH THE UNDERSIGNED CLERK AND YOU ARE HEREBY SERVED WITH A COPY OF PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS, PRODUCTION AND INTERROGATORIES TO WHICH YOU MUST FILE AN ANSWER AS REQUIRED BY LAW.

CAUSE NO. **2007-2989-3**
PARTIES TO THIS ACTION ARE:

**Charlcie Mynar Woodruff** — Plaintiff

Vs.

**County Of McLennan, a Texas political subdivision; Commissioners, elected officials of McLennan County, a Texas political subdivision: Wendall Crunk, Lester Gibson, Joe Mashek, Ray Meadows; County Judge Jim Lewis, elected official of McLennan County, Texas; Sheriff Larry Lynch, elected official of McLennan County, Texas; Chief Deputy Randy Plemons, employee of McLennan County, a Texas political subdivision; Captain Johnny Mynar, employee of McLennan County, a Texas political subdivision; Lt. Sheila Thun, employee of McLennan County, a Texas political subdivision** — Defendants

***NOTICE***

***You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and*** *Original Petition and Plaintiff's First Set Of Requests for Admissions, Production and Interrogatories,* ***a default judgment may be taken against you.***

ISSUED UNDER MY HAND AND SEAL OF COURT, THIS **8th** DAY OF **August, 2007**.

**Brenda H. Collier**
**P.O. Box 41418**
**Waco, Texas 76710**
Attorney for Plaintiff

**KAREN C. MATKIN, DISTRICT CLERK**
**P.O. Box 2451**
**Waco, McLennan County, Texas 76703**
By: [signature]
*Roberta Jewell, Deputy*

**OFFICER'S RETURN**

Came to hand on the ______ day of _________________, _____ at ______ o'clock ____M. and executed on the ______ day of _________________, 2007 by delivering to the defendant, to-wit: _______________________________________________ at ______ o'clock ___M _________________, _____; each, in person, a true copy of this citation with a true and correct copy of the **Original Petition** and **Plaintiff's First Set Of Requests for Admissions, Production and Interrogatories** attached thereto having first endorsed on such copy of said citation the date of delivery.

FEES: Serving one (1) copy
Total $_______________

_______________________________
_______________________________County, Texas
By_____________________________

**VERIFICATION OF RETURN** (IF NOT SERVED BY PEACE OFFICER) SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned Notary Public, on this the ______day of_________________, 2007.

_______________________________
Notary Public for the State of Texas

ak

DELIVERED THIS 9 DAY OF Aug 2007
TRAVIS BAILEY, CONSTABLE PCT. 1
McLENNAN COUNTY, TEXAS

BY: Holt
Deputy

Paper # 8 / Pct. # 1

# THE STATE OF TEXAS

**DIRECTED TO: CHIEF DEPUTY RANDY PLEMONS, EMPLOYEE OF MCLENNAN COUNTY, A TEXAS POLITICAL SUBDIVISION, 501 WASHINGTON AVENUE, WACO, TEXAS 76701, GREETINGS:**

YOU ARE COMMANDED TO FILE A WRITTEN ANSWER, ON OR BEFORE 10:00 A.M. ON THE MONDAY NEXT FOLLOWING TWENTY (20) DAYS AFTER THE DATE OF SERVICE TO THE ACCOMPANYING **Original Petition** FILED ON THE **7th** DAY OF **August**, **2007**, IN THE **74th** JUDICIAL DISTRICT COURT OF MCLENNAN COUNTY, TEXAS WITH THE UNDERSIGNED CLERK AND YOU ARE HEREBY SERVED WITH A COPY OF PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS, PRODUCTION AND INTERROGATORIES TO WHICH YOU MUST FILE AN ANSWER AS REQUIRED BY LAW.

CAUSE NO. **2007-2989-3**
PARTIES TO THIS ACTION ARE:

**Charlcie Mynar Woodruff** Plaintiff

Vs.

**County Of McLennan, a Texas political subdivision; Commissioners, elected officials of McLennan County, a Texas political subdivision: Wendall Crunk, Lester Gibson, Joe Mashek, Ray Meadows; County Judge Jim Lewis, elected official of McLennan County, Texas; Sheriff Larry Lynch, elected official of McLennan County, Texas; Chief Deputy Randy Plemons, employee of McLennan County, a Texas political subdivision; Captain Johnny Mynar, employee of McLennan County, a Texas political subdivision; Lt. Sheila Thun, employee of McLennan County, a Texas political subdivision** Defendants

***NOTICE***

***You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and*** *Original Petition and Plaintiff's First Set Of Requests for Admissions, Production and Interrogatories,* ***a default judgment may be taken against you.***

ISSUED UNDER MY HAND AND SEAL OF COURT, THIS **8th** DAY OF **August, 2007**.

**Brenda H. Collier**
**P.O. Box 41418**
**Waco, Texas 76710**
Attorney for Plaintiff

**KAREN C. MATKIN, DISTRICT CLERK**
**P.O. Box 2451**
**Waco, McLennan County, Texas 76703**

By: [signature] Roberta Jewell, Deputy

**OFFICER'S RETURN**

Came to hand on the ______ day of ________________, _____ at ______ o'clock ____M. and executed on the ______ day of ________________, 2007 by delivering to the defendant, to-wit: ________________________________________ at ______ o'clock ___M ________________, _____; each, in person, a true copy of this citation with a true and correct copy of the **Original Petition** and **Plaintiff's First Set Of Requests for Admissions, Production and Interrogatories** attached thereto having first endorsed on such copy of said citation the date of delivery.

FEES: Serving one (1) copy
Total $________________

________________________________
________________________________County, Texas
By________________________________

**VERIFICATION OF RETURN** (IF NOT SERVED BY PEACE OFFICER) SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned Notary Public, on this the _______day of__________________, 2007.

________________________________
Notary Public for the State of Texas

ah

DELIVERED THIS 9 DAY OF Aug 2007
TRAVIS BAILEY, CONSTABLE PCT. 1
McLENNAN COUNTY, TEXAS

BY: ______________________
Deputy

**Paper # 9 / Pct. # 1**

# THE STATE OF TEXAS

**DIRECTED TO: CAPTAIN JOHNNY MYNAR, EMPLOYEE OF MCLENNAN COUNTY, A TEXAS POLITICAL SUBDIVISION, 501 WASHINGTON AVENUE, WACO, TEXAS 76701, GREETINGS:**

YOU ARE COMMANDED TO FILE A WRITTEN ANSWER, ON OR BEFORE 10:00 A.M. ON THE MONDAY NEXT FOLLOWING TWENTY (20) DAYS AFTER THE DATE OF SERVICE TO THE ACCOMPANYING **Original Petition** FILED ON THE **7th** DAY OF **August**, **2007**, IN THE **74th** JUDICIAL DISTRICT COURT OF MCLENNAN COUNTY, TEXAS WITH THE UNDERSIGNED CLERK AND YOU ARE HEREBY SERVED WITH A COPY OF PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS, PRODUCTION AND INTERROGATORIES TO WHICH YOU MUST FILE AN ANSWER AS REQUIRED BY LAW.

CAUSE NO. **2007-2989-3**
PARTIES TO THIS ACTION ARE:

**Charlcie Mynar Woodruff** Plaintiff

Vs.

**County Of McLennan, a Texas political subdivision; Commissioners, elected officials of McLennan County, a Texas political subdivision: Wendall Crunk, Lester Gibson, Joe Mashek, Ray Meadows; County Judge Jim Lewis, elected official of McLennan County, Texas; Sheriff Larry Lynch, elected official of McLennan County, Texas; Chief Deputy Randy Plemons, employee of McLennan County, a Texas political subdivision; Captain Johnny Mynar, employee of McLennan County, a Texas political subdivision; Lt. Sheila Thun, employee of McLennan County, a Texas political subdivision** Defendants

***NOTICE***

***You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and*** *Original Petition and Plaintiff's First Set Of Requests for Admissions, Production and Interrogatories,* ***a default judgment may be taken against you.***

ISSUED UNDER MY HAND AND SEAL OF COURT, THIS **8th** DAY OF **August, 2007**.

**Brenda H. Collier**
**P.O. Box 41418**
**Waco, Texas 76710**
Attorney for Plaintiff

**KAREN C. MATKIN, DISTRICT CLERK**
**P.O. Box 2451**
**Waco, McLennan County, Texas 76703**

By: *Roberta Jewell, Deputy*

**OFFICER'S RETURN**

Came to hand on the ______ day of ________________, _____ at _______ o'clock ____M. and executed on the ______ day of ________________, 2007 by delivering to the defendant, to-wit: ______________________________ at ______ o'clock ___M ________________, _____; each, in person, a true copy of this citation with a true and correct copy of the **Original Petition** and **Plaintiff's First Set Of Requests for Admissions, Production and Interrogatories** attached thereto having first endorsed on such copy of said citation the date of delivery.

FEES: Serving one (1) copy
Total $________________

______________________________
______________________________County, Texas
By______________________________

**VERIFICATION OF RETURN** (IF NOT SERVED BY PEACE OFFICER) SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned Notary Public, on this the _______day of________________, 2007.

______________________________
Notary Public for the State of Texas

ak

DELIVERED THIS 10 DAY OF Aug 2007
TRAVIS BAILEY, CONSTABLE PCT. 1
McLENNAN COUNTY, TEXAS

BY: ______________________
Deputy

**Paper # 10 / Pct. # 1**

# THE STATE OF TEXAS

**DIRECTED TO: LT. SHEILA THUN, EMPLOYEE OF MCLENNAN COUNTY, A TEXAS POLITICAL SUBDIVISION, 501 WASHINGTON AVENUE, WACO, TEXAS 76701, GREETINGS:**

YOU ARE COMMANDED TO FILE A WRITTEN ANSWER, ON OR BEFORE 10:00 A.M. ON THE MONDAY NEXT FOLLOWING TWENTY (20) DAYS AFTER THE DATE OF SERVICE TO THE ACCOMPANYING **Original Petition** FILED ON THE **7th** DAY OF **August**, **2007**, IN THE **74th** JUDICIAL DISTRICT COURT OF MCLENNAN COUNTY, TEXAS WITH THE UNDERSIGNED CLERK AND YOU ARE HEREBY SERVED WITH A COPY OF PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS, PRODUCTION AND INTERROGATORIES TO WHICH YOU MUST FILE AN ANSWER AS REQUIRED BY LAW.

CAUSE NO. **2007-2989-3**
PARTIES TO THIS ACTION ARE:

**Charlcie Mynar Woodruff** Plaintiff

Vs.

**County Of McLennan, a Texas political subdivision; Commissioners, elected officials of McLennan County, a Texas political subdivision: Wendall Crunk, Lester Gibson, Joe Mashek, Ray Meadows; County Judge Jim Lewis, elected official of McLennan County, Texas; Sheriff Larry Lynch, elected official of McLennan County, Texas; Chief Deputy Randy Plemons, employee of McLennan County, a Texas political subdivision; Captain Johnny Mynar, employee of McLennan County, a Texas political subdivision; Lt. Sheila Thun, employee of McLennan County, a Texas political subdivision** Defendants

***NOTICE***

***You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and*** *Original Petition and Plaintiff's First Set Of Requests for Admissions, Production and Interrogatories,* ***a default judgment may be taken against you.***

ISSUED UNDER MY HAND AND SEAL OF COURT, THIS **8th** DAY OF **August**, **2007**.

**Brenda H. Collier**
**P.O. Box 41418**
**Waco, Texas 76710**
Attorney for Plaintiff

**KAREN C. MATKIN, DISTRICT CLERK**
**P.O. Box 2451**
**Waco, McLennan County, Texas 76703**

By: [signature]
*Roberta Jewell, Deputy*

**OFFICER'S RETURN**

Came to hand on the ______ day of ________________, _____ at ______ o'clock ___M. and executed on the ______ day of ________________, 2007 by delivering to the defendant, to-wit: ________________________________________ at ______ o'clock ___M ________________, _____; each, in person, a true copy of this citation with a true and correct copy of the **Original Petition** and **Plaintiff's First Set Of Requests for Admissions, Production and Interrogatories** attached thereto having first endorsed on such copy of said citation the date of delivery.

FEES: Serving one (1) copy
Total $________________

________________________________
________________________________County, Texas
By______________________________

**VERIFICATION OF RETURN** (IF NOT SERVED BY PEACE OFFICER) SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned Notary Public, on this the _______day of________________, 2007.

________________________________
Notary Public for the State of Texas

ah

DELIVERED THIS 10 DAY OF Aug 2007
TRAVIS BAILEY, CONSTABLE PCT. 1
McLENNAN COUNTY, TEXAS

BY: Holt
Deputy

# Exhibit 5

**CAUSE NO. 2007-2989**

| | | |
|---|---|---|
| **CHARLCIE WOODRUFF,** | § | **IN THE DISTRICT COURT OF** |
| **PLAINTIFF** | § | |
| | § | |
| | § | |
| | § | **MCLENNAN COUNTY, TEXAS** |
| **VS.** | § | |
| | § | |
| **MCLENNAN COUNTY, TEXAS, A POLITICAL SUBDIVISION OF THE STATE OF TEXAS** | § | |
| | § | |
| | § | |
| | § | |
| **DEFENDANT.** | § | **74TH JUDICIAL DISTRICT** |

## NOTICE OF HEARING

Please take notice that Plaintiff's Motion for Injunction is set for hearing on August 30, 2007 at 9:00 a.m.

Respectfully Submitted,
BRENDA H. COLLIER, P.C.

Brenda H. Collier
State Bar No. 4593020
P.O. Box 41418
Austin, Texas 78704

(512) 482-9509 Telephone
(512) 857-8446 Fax
brenda@collierlaw.com

ATTORNEY FOR PLAINTIFF

**Certificate of service**

On August 9, 2007, the undersigned faxed a copy of the attached Notice of Hearing to:

Mike Dixon
Haley & Olson
510 N. Valley Mills Drive, Suite 600
Waco, Texas 76710

Fax no. (254) 776-3336

Attorney for the Defendants

Brenda H. Collier

W07 CA 256

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Charlcie Mynar Woodruff

**(b)** County of Residence of First Listed Plaintiff McLennan

(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Brenda Collier, Brenda H. Collier, P.C., P. O. Box 41418, Austin, TX 78704

**DEFENDANTS**

McLennan County, Texas, et al. (see attachment)

County of Residence of First Listed Defendant McLennan

(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

Michael W. Dixon, C. Alfred Mackenzie
HALEY & OLSON, P.C., 510 N. Valley Mills Dr., Ste. 600, Waco, TX 76710

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☒ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding ☒ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
42 U.S.C. Section 1983

Brief description of cause:
Alleged violation of constitutional law

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 **DEMAND $** Injunction

CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ________ DOCKET NUMBER ________

DATE 13 August 2007 SIGNATURE OF ATTORNEY OF RECORD C. Alfred Mackenzie

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

**DEFENDANTS**

McLennan County, Texas, a political subdivision of the State of Texas
County Commissioner Wendall Crunk
County Commissioner Lester Gibson
County Commissioner Joe Mashek
County Commissioner Ray Meadows
County Judge Jim Lewis
McLennan County Sheriff Larry Lynch
McLennan County Sheriff's Department Chief Deputy Randy Plemons
McLennan County Sheriff's Department Captain Johnny Mynar
McLennan County Sheriff's Department Lt. Sheila Thun

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

W07 C^256

Supplement to JS 44 Civil Cover Sheet
Cases Removed from State District Court

This form must be filed with the Clerk's Office no later than the **first business day** following the filing of the Notice of Removal. Additional sheets may be used as necessary.

The attorney of record for the removing party **MUST** sign this form.

**STATE COURT INFORMATION:**

1. Please identify the court from which the case is being removed; the case number; and the complete style of the case.

74th Judicial District Court, McLennan County, Texas

Cause No. 2007-2989-3

Charlcie Mynar Woodruff, Plaintiff, vs. McLennan County, Texas, A Political Subdivision of the State of Texas, County Commissioner Wendall Crunk, County Commissioner Lester Gibson, County Commissioner Joe Mashek, County Commissioner Ray Meadows, County Judge Jim Lewis, McLennan County Sheriff Larry Lynch, McLennan County Sheriff's Department Chief Deputy Randy Plemons, McLennan County Sheriff's Department Captain Johnny Mynar, and McLennan County Sheriff's Department Lt. Sheila Thun, Defendants.

2. Was jury demand made in State Court? Yes ☒ No ☐

If yes, by which party and on what date?

Charlcie Mynar Woodruff, Plaintiff — Party Name

Aug 7, 2007 — Date

**STATE COURT INFORMATION:**

1. List all plaintiffs, defendants, and intervenors still remaining in the case. Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number, and fax number (including area codes).

Charlcie Mynar Woodruff, Plaintiff

Attorney of Record for Plaintiff: Brenda H. Collier, BRENDA H. COLLIER, P.C., P. O. Box 41418, Austin, Texas 78704, Tel: (512) 482-9509, Fax: (512) 857-8446

McLennan County, Texas, A Political Subdivision of the State of Texas, County Commissioner Wendall Crunk, County Commissioner Lester Gibson, County Commissioner Joe Mashek, County Commissioner Ray Meadows, County Judge Jim Lewis, McLennan County Sheriff Larry Lynch, McLennan County Sheriff's Department Chief Deputy Randy Plemons, McLennan County Sheriff's Department Captain Johnny Mynar, and McLennan County Sheriff's Department Lt. Sheila Thun, Defendants

Attorney of Record for Defendants: Michael W. Dixon, C. Alfred Mackenzie HALEY & OLSON, P.C., 510 North Valley Mills Drive, Suite 600, Waco, Texas 76710, Tel: (254) 776-3336, Fax: (254) 776-6823

2. List all parties that have not been served at the time of the removal, and the reason(s) for non-service.

None.

3. List all parties that have been non-suited, dismissed, or terminated, and the reason(s) for their removal from the case.

None.

**COUNTERCLAIMS, CROSS-CLAIMS, and/or THIRD-PARTY CLAIMS:**

1. List separately each counterclaim, cross-claim, or third-party claim still remaining in the case and designate the nature of each such claim. For each counterclaim, cross-claim, or third-party claim, include all plaintiffs, defendants, and intervenors still remaining in the case. Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number, and fax number (including area codes).

None.

**VERIFICATION:**

C. Alfred Mackenzie [signature]

Attorney for Removing Party

Aug 13, 2007

Date

McLennan County, Texas, et al., Defendants

Party/Parties

AO82
(Rev. 4/90)

ORIGINAL

410090

**RECEIPT FOR PAYMENT**
**UNITED STATES DISTRICT COURT**
**for the**
**WESTERN DISTRICT OF TEXAS**
at Waco, Tx

RECEIVED FROM Haley & Olson
510 N. Valley Mills Dr. #600
Waco, Tx 76710

| Fund | |
|---|---|
| 6855XX | Deposit Funds |
| 604700 | Registry Funds |
| | General and Special Funds |
| 508800 | Immigration Fees |
| 085000 | Attorney Admission Fees |
| 086900 | Filing Fees |
| 322340 | Sale of Publications |
| 322350 | Copy Fees |
| 322360 | Miscellaneous Fees |
| 143500 | Interest |
| 322380 | Recoveries of Court Costs |
| 322386 | Restitution to U.S. Government |
| 121000 | Conscience Fund |
| 129900 | Gifts |
| 504100 | Crime Victims Fund |
| 613300 | Unclaimed Monies |
| 510000 | Civil Filing Fee (½) |
| 510100 | Registry Fee |

| ACCOUNT | AMOUNT |
|---|---|
| 510000 | 190 00 |
| 086900 | 60 00 |
| 086400 | 100 00 |
| TOTAL | 350.00 |

Case Number or Other Reference
W-07-CA-256

Notice of Removal

Charlie Woodruff
vs.
McLennan County, Tx, et al

$Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn.

8468

| DATE | Cash | Check | M.O. | Credit |
|---|---|---|---|---|
| 8-13 2007 | | X | | |

DEPUTY CLERK: [signature]